## DONNELLY VS. WHEELER.

1. EXEMPTION: *Only residents entitled to. How pleaded.*
   The right of exemption of property from sale under execution appertains only to residents of the State. The pleading asserting it must show such facts as bring the pleader within the expressions of the exemption law. It is not sufficient to allege that the goods are exempt.

2. REPLEVIN: *Affidavit for, no part of complaint.*
   The affidavit for replevin in the circuit court, is not a part of the complaint which the defendant is bound to answer.

APPEAL from *Sebastian* Circuit Court.

Hon. J. H. ROGERS, Judge.

*Du Val & Cravens,* for appellant.

*Clendening, contra.*

EAKIN, J. This is a suit, in replevin, by Donnelly against Wheeler, for certain articles of household furniture. The property was taken and delivered to Donnelly. Wheeler pleaded that he held them, as constable, by virtue of an order of attachment against Donnelly, in a suit by a third party.

The transcript of the proceedings before the justice, showed that the attachment was issued upon a debt contracted under the constitution of 1868; the grounds of which attachment, stated in the affidavit, were: That the defendant (with another co-defendant) was a non-resident of the state, *and* was about to sell, convey or otherwise dispose of his property, with the fraudulent intent to cheat, hinder or delay his creditors. Defendants appeared, and filed an affidavit contesting the grounds of the attachment. No defense was made to the debt for which the suit was brought. There was judgment by default; and,

in the judgment, it is recited that the attachment was sustained.   Upon that, there was an order of sale, and the wife of Donnelly filed a schedule, both as his wife, and his agent, claiming the attached property as exempt.  A supersedeas was refused by the justice, and this action brought; judgment for return, or for value.   Motion for a new trial overruled, and appeal.

It is unnecessary to consider the points raised upon instructions.   The right of exemption appertains only to residents of the state.   Plaintiff does not show that he was such, and the finding of the jury for defendant was the only legal verdict it could render.

It is true, that in the affidavit for replevin, plaintiff says the goods were exempt from execution, and the answer does not directly deny that, but denies that plaintiff is entitled to the possession.   The affidavit for replevin in the circuit court is not a part of the complaint which the defendant is bound to answer.   The complaint itself must show cause of action.   It is not enough to say that the goods are exempt.   That is a conclusion of law from the facts.   This court held, in the case of *Cowan v. Baker et al.*, at the May term, 1875 (unreported), that "a party who seeks the protection of a court, against the sale of property, which he claims to be exempt from execution, must show such *facts* as bring himself within the expressions of the exemption law."

Affirm the judgment.