## HANF v. FORD.

1. AMENDMENT : *Affidavit in replevin amendable.*

An affidavit in replevin may be amended in the Circuit Court on appeal from a Justice's Court, so as to enlarge the damages claimed.

2. REPLEVIN : *Verdict in solido for value of several articles, wrong. How corrected*

If, in an action of replevin for several distinct articles of property, the jury assess their value *in solido*, they should be sent back for a

Hanf v. Ford.

verdict assessing the separate value of each article. The defendant who retains several distinct articles may return any one of them, or its value; and is entitled, for this purpose, to have the value fixed by the jury, and an alternative judgment accordingly. If this be not done, he may have a *venire de novo,* which is the only mode of correcting the error, except by new trial.

3. SAME: *Judgment in, must be in the alternative.*

Unless a judgment in replevin against the defendant be in the alternative, for the property, *or* its value, the Supreme Court will reverse it without a motion for new trial in the Circuit Court.

APPEAL from *Jefferson* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*Martin & Taylor,* for appellant.

I.   It was error to allow plaintiff to amend his affidavit so as to increase his claim for damages. It presented an issue entirely different from the one presented before the justice of the peace—in fact, one above the jurisdiction of a justice of the peace. The object of allowing an appeal is to bring before the Circuit Court the matter in controversy in the Justice of the Peace Court. *Ball* v. *Kuykendall,* 2 *Ark.,* 195.

II.   The damages were excessive ; evidence being allowed to go to the jury showing remote and speculative damages. See, as to the measure of damages, 34 *Ark.,* 184 ; 36 *Ark.,* 260 ; *Baker* v. *Drake,* 53 *N. Y.,* 212 ; *Bonested* v. *Arvis,* 23 *Wis.,* 524 ; 15 *Ills.,* 490 ; *Wells on Replevin, sec.* 572, and cases cited.

III.   The jury should have found the value of the articles separately. *Nolen* v. *Leech,* 10 *Ark.,* 504. The error could only be cured by *venire de novo.* 2 *Call.,* 313 ; 2 *Num.,* 539.

IV.   The final judgment was not in the *alternative.* *Gantt's Digest, Sec.* 4718–4682 ; *Wells on Replevin, Secs.*

35—37

768, 772, 774, 778, and cases cited; *Bennis* v. *Wylie*, 19 *Wis.*, 319; *Bates* v. *Wilbur*, 10 *Wis.*, 416; *Anderson* v. *Tyson*, 6 *S. & M.* (*Miss.*), 337; *Jelton & Farris* v. *Smead*, 29 *Ark.*, 383; *Rowark* v. *Lee*, 14 *Ark.*, 425.

An error will lie to a judgment refusing a return.· *Williamson ex parte*, 8 *Ark.*, 424; *Badgett* v. *Jordan*, 32 *Ark.*, 154.

*Martin & Martin*, for appellee.

There was abundant evidence to support the verdict, and this court will not disturb it, if there is any evidence to support it. *Frieber* v. *Anderson*, 31 *Ark.*, 163.

The amendment was "in furtherance of justice," and proper. *Gantt's Digest*, *Sec.* 4616.

The exception to testimony of Ford too general—and was not made ground for new trial. *Thomas* v. *Hutchinson*, 25 *Ark.*, 558; *Seifrath* v. *State*, 35 *Ark.*, 412.

The measure of damages properly defined. *Altemus* v *Kelly*, 34 *Ark.*, 189; *Minkwitz* v. *Steen*, 36 *Ark.*, 260.

The verdict was in proper form. *Gantt's Digest*. *Sec.* 4680. The *final* judgment for the value, as alleged in the complaint, proper. *Ward* v. *Masterdon*, 10 *Kansas*.

There was no motion to set aside the *final* judgment. *Gantt's Digest*, *Sec.* 1100; *Note D, to Sec.* 1055, *Ib.*, and authorities cited; and even if, under *Sec.* 4718, *Ib.*, it was wrong, because not in the alternative, the remedy was by motion in lower court, and not by appeal. *Young* v. *Atwood*, 5 *Hum.* (*N. Y.*), 234.

A judgment for value, and damages, is valid, though not in proper form. *Fitzhugh* v. *Wyman*, 5 *Seeden*, 559; *Seaman* v. *Luce*, 23 *Barb.*, 240; *Ward* v. *Orser*, 25 *N. Y.*, 348; *Gallorote* v. *Orser*, 4 *Bosw.*, 94. Plaintiff may elect to take judgment for value, as in trover.· *Bigelow* v. *Doolittle*, 35 *Wis.*—and see *Bailey* v. *Griswold*, 20 *Wall.*,

-486, where the Act construed is substantially the same as
Sec. 4718, *Gantt's Digest*.

## STATEMENT.

EAKIN, J.   Ford brought an action of replevin against
Hanf, before a Justice of the Peace, to recover a horse, a
mule, and a two-horse wagon and gear.   The value of each
was set forth in his affidavit, which was made to answer the
purpose of a complaint.   The property was bonded by
defendant and retained.   Upon trial, judgment was ren-
·dered against the plaintiff, who appealed to the Circuit Court.
He was there, against the objection of the defendant,
:allowed to amend his affidavit so as to increase the amount
of damages claimed.   Upon a trial in the Circuit Court the
jury found for the plaintiff,.fixing the value of the property,
*in solido*, at $250, and assessing damages at $100.   Where-
·upon, the court rendered judgment that he recover of the
·defendant, the horse, mule, and wagon, and harness, or their
value—$250—and $100 damages, and costs.

The defendant moved for a new trial, upon the grounds
·that the jury had found the value of the property above
·the value alleged in the plaintiff's affidavit, and that·the ver-
·dict was without evidence to support it, and contrary to the
evidence and instructions of the court.   Whereupon the
plaintiff offered to remit the excess of the value found
·over that set forth in the affidavit.   The motion for a
new trial was then considered and overruled, but· the
·court set aside and held for naught the judgment which
had been entered, and declared another in its place,
·adopting the remittitur, and considering "that the plain-
·tiff have and recover of the defendant $205, for the value
·of the property and the damages, besides all the costs
·of this suit, and that he have execution therefor."   The
·defendant appealed.

Hanf v. Ford.

OPINION.

1. AFFI-
DAVIT, in
Replevin
before J.P.
amenda-
ble in Cir-
cuit Court.
There was no error in permitting the amendment as to the amount of damages. (*See Gantt's Digest*, sec. 4616). It did not substantially change the nature of the claim or defense, and was certainly "in furtherance of justice." The original claim for damages was made in a proceeding before a justice, in which the plaintiff, but for the retaining bond, might have had immediate re-delivery, and it might be reasonably supposed, sufficient to cover any damages then incurred, or even those which might be sustained in the usual time required for proceedings before a justice. The defendant, however, continued to retain the plaintiff's property, by means of his bond, not only during the progress of the suit before the justice, but during its pendency on the appeal. During all this time the damages were increasing, and there would have been a failure of justice, if the plaintiff had not been allowed so to amend as to recover the whole damage sustained.

2. Verdict,
*in solido* in
Replevin,
for value
of several
articles,
wrong.
The verdict of the jury was erroneous, and should not have been received by the court, if any objection had been made thereto at the time of its rendition; or the court might, on its own motion, have declined to receive it, and have sent the jury back, with instructions to find separately the value of each separate and distinct piece of property claimed in the affidavit. It has been so held by this court in *Noland* v. *Leech, Ex'r.*, 10 *Ark.*, 504, under *Sec.* 39, *Chap.* 136, *of English's Digest of the Statutes*, from which the present provisions of the Code do not materially differ. The defendant who retains several distinct articles involved in one replevin suit, has the right to return *any* of them, or its value, and is entitled to have its value fixed for this purpose by the jury, and an alternative judgment accordingly.

How cor-
rected.
If this is not done, before the jury are dis-

charged, he may move for a *venire de novo*. But, except by new trial, there is no other mode of correcting such an error. (See case cited).

The case above cited came up on writ of error, and this court; without any motion shown in the court below to correct the error, of itself reversed the judgment. The case settles the law as to the nature of the verdict, and the mode of its correction, and would be a precedent as to the practice, for ordering the new trial on motion first made here, save for a subsequent enactment of the Code (*Gantt's Digest*, sec. 1100), which provides that "a judgment or final order shall not be reversed for an error, which can be corrected on motion in the inferior courts, until such motion has been made there and overruled." This is decisive. A motion for a new trial was not only permissible in the court below, but proper. Only by a new trial can any relief be afforded. No motion *on that ground* was made, and this case comes not only within the letter, but the spirit and intention of the Code provision. It was passed to avoid that delay and expense which result from the practice of allowing errors, easily corrected on the spot, to be passed *sub silentio* by those affected, in the expectation that, other points failing, they may have them corrected at some future day, through an appeal or writ of error. The verdict is such an one as a judgment in the alternative might be rendered upon, and was ; and if that judgment had been allowed to stand, corrected only as to the true excess, in accordance with the remittitur, it would not have been reversed on this appeal.

As to the verdict being without evidence, we may say that there was enough before the jury to justify them, in accordance with their ordinary knowledge of human affairs, in finding that the property had not been properly obtained from

the plaintiff, and that it and the damages for detention were of the values found.

**3. Judgment in Replevin must be in the alternative.** It remains to consider the final judgment, and only one left standing below. It is not in the alternative, and was not authorized by any Statute, nor by the verdict. It was a simple money judgment, with award of execution. It should have been for the delivery of the property, *or* for the value thereof, etc. *Gantt's Digest*, sec. 4718; *Jetton & Farris* v. *Smead*, 29 *Ark.*, 383; *Rowark* v. *Lee*, 14 *Ark.*, 425.

**Motion for new trial not necessary to correct errors of law.** This was an error of law, committed by the court itself, and appearing from the record. To correct it no motion for a new trial was necessary. Such a motion would not have been appropriate. It is not required of suitors to importune the courts to reconsider their judgments as to law, rendered upon the record, save as to misprisions, and some immaterial irregularities. See *Badgett* v. *Jordan*, 32 *Ark.*, 154.

The first ground of motion for a new trial was cured by the remittitur, and the others were not well taken. The court committed no error in overruling it. The verdict, modified by the remittitur, must stand, as no objection was made to it in proper time, upon tenable grounds.

For error in the judgment, it must be reversed, at cost of appellee.

Remand the cause, with directions to the court below to render an alternative judgment, in accordance with the verdict as diminished by the remittitur, to bear interest from the date of the first judgment entered.