CLIMER v. AYLOR.

Opinion delivered May 1, 1916.

1. REPLEVIN—FORM OF COMPLAINT.—Where the plaintiff does not ask for the delivery of the property at the commencement of the action, or at any time before judgment, the statute does not require that the complaint be filed in any particular form; it is only when the plaintiff desires the possession or delivery of the property prior to the judgment, that he is required to file an affidavit in compliance with Kirby's Digest,, § 6854.

2. REPLEVIN—FORM OF COMPLAINT.—When there is a statement of the facts constituting the cause of action in justice court, whether the pleading be designated as an affidavit or a complaint, it is sufficient to give the court jurisdiction of the subject matter in replevin.

3. REPLEVIN—COMPLAINT—DEMURRER.—The pleadings filed in the justice and circuit courts, held, on demurrer, to state a cause of action in replevin.

4. REPLEVIN—ALLEGATION OF OWNERSHIP.—In an action in replevin it is necessary that the complaint either expressly allege that plaintiff is the owner of the property, or it must contain sufficient allegations from which ownership in the plaintiff would be necessarily implied.

5. REPLEVIN—ALLEGATION OF OWNERSHIP—SPECIAL DEMURRER.—The defect of a complaint in replevin, in the matter of an allegation of special ownership, should be reached by special demurrer, in which

·event the plaintiff may amend showing the character of his own-
·ership.

6.　REPLEVIN—ALLEGATION OF OWNERSHIP—"CLAIM" OF RIGHT OF POSSES-
SION.—An allegation in a complaint in replevin that, plaintiff
"claims" a certain horse, *held* to amount to an assertion of the right
of ownership, and is good on general demurrer.

Appeal from Izard Circuit Court; *J. B. Baker*,
Judge; reversed.

*Bledsoe & Ashley*, for appellant.

1. The complaint was sufficient. Kirby's Digest,
§ 6854. No delivery was asked. The affidavit was no
part of the complaint. 34 Ark. 111. The wrongful de-
tention and such general or special property in plaintiff
as entitles him to the immediate possession are the essen-
tial facts necessary to support replevin. Shipman on
Common Law Pleading; 107, 34 Cyc. 1464-5. No partic-
ular form is necessary, 75 N. Y., 1. Ownership need not
be alleged in express terms if words of equivalent im-
port are used. 34 Cyc. 1469; 61 Mo. App. 445; 49 N. Y.
Supreme Court 178.

2. The amended complaint cured all defects and con-
tained all necessary allegations. Kirby's Digest, § 6854;
44 Ark. 308; 34 Cyc. 1489. Amendments in furtherance
of justice should be allowed. 62 Kans. 128; Kirby's
Digest, § 6143, 6147-8.

The appellee, *pro se*.

1. The complaint was not sufficient to give plaintiff
a right of action in replevin. Kirby's Digest, § 6854.
It contained none of the requisites. 35 Ark. 175; 73 *Id*.
586.

2. Nor was the amended complaint sufficient. Kir-
by's Digest, § 6854; 35 Ark. 175; 73 *Id*. 589; 124 N. Y.
148; 77 Ark. 299; 93 *Id*. 272; 106 *Id*. 438; 34 Cyc. 1489;
85 Ark. 444. The affidavit is no part of the complaint, but
if there be no statutory affidavit, the complaint must con-
tain all the statutory requirements. Kirby's Digest,
§ 6854; 73 Ark. 589.

Wood, J. Appellant instituted this suit against the
appellee to recover the possession of a certain horse.

His amended complaint is as follows: "Comes the plaintiff and states that he claims a certain horse in this action; that it is an iron gray horse, about three years old and about 14½ hands high, and is worth about $130.00; and for the detention of said horse he believes that he ought to recover the sum of $25.00; that he is entitled to the immediate possession of said horse; that said horse is wrongfully detained by defendant, T. E. Aylor, and that according to the best knowledge, information and belief of plaintiff that said defendant detains said horse under false claim of being owner thereof; that said horse was not taken for tax or fine against plaintiff or under an order or judgment of court against his property and that his cause of action herein accrued within three years last past. The aforesaid property was taken under an execution sued out against W. R. Johnson by the aforesaid Tom Aylor and bought in at sale under said execution by said Tom Aylor."

The suit was begun in the justice court. The appellant filed therein the following affidavit:

"The plaintiff, Arthur Climer, states that he is entitled to immediate possession of the following described property, towit: (describing the horse) of which the defendant Tom Aylor has possession without right, and which he unlawfully detains from plaintiff. Wherefore, plaintiff prays judgment for the recovery of said property and for twenty-five dollars damages for detention thereof and all injuries thereto and other relief."

The judgment recites: "That on motion of the defendant the amended complaint filed in the action is struck from the files and the cause is dismissed," to which ruling the plaintiff duly excepted and prayed and was granted an appeal.

Evidently the court treated the motion to strike as a general demurrer to the complaint, and the only question is, does the complaint state a cause of action?

(1) All forms of civil actions are abolished under our code. Kirby's Digest, § 5980. Our replevin law,

Kirby's Digest, Chap. 136, contains no requirements for the form of a complaint to recover the possession of personal property where the plaintiff does not ask for a delivery of the property at the commencement of the action or at any time before judgment, but it is only when the plaintiff desires the possession or delivery of the property prior to the judgment that he is required to file an affidavit in compliance with section 6854 of Kirby's Digest.

No formal written pleadings are required to be filed in a justice court. A short written statement of facts on which the action is founded is all that is necessary. Kirby's Digest, § 4565.

(2) The pleading filed in the justice court did not purport to be an affidavit, but was designated as a complaint at law. It set up that the plaintiff was entitled to the immediate possession of the horse of which the defendant had possession without right and which he unlawfully detained from the plaintiff. Where there is a statement of the facts constituting the cause of action, whether the pleading be designated as an affidavit or a complaint, it is sufficient to give the court jurisdiction of the subject matter in replevin. See *Hanner* v. *Bailey*, 30 Ark. 681.

(3) The allegation that the plaintiff was entitled to the immediate possession of the horse of which the defendant had possession without right and which he unlawfully detained from the plaintiff, with a prayer for the recovery of the horse and damages for the detention thereof, was a sufficient statement of the facts constituting a cause of action to give the justice court jurisdiction of the subject matter, and on appeal to the circuit court the appellant filed an amended complaint which states that plaintiff "claims a certain horse in this action:" that he was entitled to the immediate possession of the horse; that the same was wrongfully detained by defendant who made the false claim of being the owner thereof, and that the horse was not taken from the plaintiff for tax or fine or under an order or judgment of court

against his property. The pleadings filed before the justice and the amended complaint filed in the circuit court were sufficient on demurrer to state a cause of action for the recovery of the possession of the horse in controversy.

The plaintiff could not have been entitled to the immediate possession of the property, and the defendant could not have been in possession thereof and have detained the property from plaintiff without right unless the plaintiff had general or special ownership in the property.

(4-5) As we have shown, there is no statutory requirement that a complaint in replevin should allege in specific words that the plaintiff is the owner of the property or has a special ownership or interest therein. It is necessary, however, that the complaint should either expressly allege that the plaintiff is the owner or contain sufficient allegations from which ownership in the plaintiff would be necessarily implied. Such is the complaint under review. True, it is not shown by the allegations of this complaint whether the plaintiff claims under a general ownership or special ownership, and in this respect the complaint was defective, but not wholly so. The defect could have been reached by special demurrer, in which case the appellant could have amended his complaint to show whether his ownership was general or special, and if special to set forth the facts upon which his claim of special ownership was based. If he claimed under a general or absolute ownership then it was only necessary for him to allege such title or ownership generally and the right of immediate possession. See *Person v. Wright & Montgomery*, 35 Ark. 169; *Perry County Bank v. Rankin*, 73 Ark. 589-593.

(6) The amended complaint in which the appellant alleges that he claims the property is the same in legal effect as if appellant had said he claims to own a certain horse, etc. The meaning of "claim" is "to demand on the ground of right; affirm to be one's own or one's due; assert a right to or ownership of, as to claim a title,

etc." Funk & Wagnall's New Standard Dictionary; Webster's Dictionary. Such is the sense in which the word should be construed as used in the amended complaint. As it is used it is intended to and does convey the idea that appellant was asserting a right to or ownership of the horse. The complaint was at least sufficient on general demurrer, and the court erred therefore in dismissing the same. The defects therein could and should have been reached by a motion to make more specific. Under our liberal rules of pleading the appellant should have been allowed to amend his cause of action, defectively stated, but the court erred in turning him out without giving him this opportunity.

The judgment is therefore reversed and the cause remanded with directions to overrule the demurrer.