UNITED STATES AUTOMOBILE COMPANY *v.* DESHONG.

Opinion delivered May 27, 1918.

1. REPLEVIN—REQUEST FOR POSSESSION.—One may bring an action in replevin without asking a delivery of the property previous to the trial. Title may be adjudged without a request for immediate delivery. The right to a judgment for the possession of the property, or for its value, will not be defeated because the party wrongfully detaining the property has parted with the possession at the time of the suit.

2. SALES—PAYMENT OF PRICE BY THIRD PARTY—REPLEVIN OF ARTICLE BOUGHT—RIGHTS OF THE THIRD PARTY.—A. sought to purchase an automobile from appellant; appellant refused to accept the draft offered by A. in payment. Appellee then paid for the automobile by his check. Appellant cashed the check, and then refused to deliver the automobile. Appellant brought replevin, and judg-

ment was rendered in his favor for the delivery of the auto-
mobile or the amount of appellee's check. *Held*, appellee had no
right to maintain an action in replevin, but was entitled to a
return of his money; therefore the judgment would be modified
to permit only a money recovery, and, as modified, affirmed.

Appeal from Pulaski Circuit Court; *Guy Fulk*,
Judge; modified and affirmed.

*James A. Comer,* for appellant.

Replevin is a possessory action. The title and
right of possession must be determined at the time of the
commencement of the action. 84 Ark. 614. Appellee
was not the owner of the car and had no right to the pos-
session. A mere interest in the car is not sufficient. 37
*Id.* 64; 52 *Id.* 138. He had no special ownership. He did
not buy the car, nor have the right of possession. Shinn
on Replevin, § § 189, 199; 56 Ark. 450; 75 *Id.* 336. It was
error to direct a verdict.

*Rogers & Barber,* for appellee.

1. The affidavits sets up all the essential facts re-
quired. Kirby's Digest, § 6853. Appellee had a special
ownership. *Ib.,* § 6864 (3). He paid for it. The testi-
mony sustains the facts set up in the affidavit.

2. A party can not go to trial on the pleadings and
then on appeal set up as a defense one that amounts to
a demurrer. It comes too late. The court properly di-
rected a verdict. An objection to a pleading may be
waived by failure to urge the objection in time. 31 Cyc.
717. This rule applies in replevin. 46 N. E. 786; 121
N. W. 539; 61 *Id.* 278; 78 Miss. 875; 67 N. E. 1080; 5 Okla.
283; 12 A. & E. Ann. Cas. 595. Where a complaint is de-
fective in substance, in that it does not state facts in any
form sufficient, etc., a demurrer is the proper remedy. 72
Ark. 478; 81 S. W. 605.

Every allegation in the complaint was proven. Ap-
pellee had no recourse except replevin. He alone had
an interest in the car. The judgment for the money paid
by appellee is certainly right, as appellant is not in posi-
tion to deliver the car. A directed verdict was proper
under the proof.

SMITH, J.   This appeal is prosecuted to reverse a judgment rendered upon a verdict of the jury which was returned in favor of appellee under the directions of the court, and the testimony must, therefore, be considered in the light most favorable to appellant's contention. When thus stated, the facts may be said to be as follows: The Arkadelphia Milling Company had purchased an automobile and the draft given in payment thereof by that company had been dishonored.   Later H. Flanagin, an employee of the milling company, applied to appellant to purchase another automobile, and one was shown him which met his approval.   He tendered in payment of the automobile a draft drawn by the milling company for the price of the automobile and a letter from the bank upon which the draft was drawn, stating that it would honor a draft not to exceed $600 "covering sale of one Maxwell touring car."   The price of the automobile was $597.75.

The manager of the appellant automobile company refused to accept the draft in payment of the automobile, whereupon appellee, who was the representative of the milling company in Little Rock, was called on the 'phone by Flanagin, who explained the facts to him.   Appellee went to the office of appellant and explained that the draft was perfectly good, but appellant's manager still declined to accept it, whereupon appellee gave his personal check on a local bank for the price of the automobile.   This check was paid upon presentation, whereupon Flanagin demanded possession of the automobile in payment for which the check had been drawn by appellee.   Appellant's manager then stated that he had "put one over," that is, he had adopted the method pursued to collect the dishonored draft, and he declined to surrender possession of the automobile.

Appellant refused to endorse the draft drawn by the milling company, and that company refused to pay the draft upon the ground that the automobile had not been delivered.   Thereupon appellee brought replevin to recover the automobile shown to Flanagin as the one he had purchased.   There was no controversy about the value

of the automobile and the court directed the jury to return a verdict in favor of appellee for the automobile, or $597.75, its value.

Appellant insists, for a reversal, that replevin is a possessory action and that appellee has shown no sufficient title to maintain a suit for the possession of the automobile, inasmuch as it would have been delivered to Flanagin, and not to appellee, had the sale of the automobile been fully completed by delivery. It may be conceded that such is the law; but it does not follow on that account that the judgment must be reversed or the cause dismissed. It is true we have several times said that one may not sue for a tort and recover upon a contract. A number of cases so holding are cited in the case of *Grist* v. *Lee,* 124 Ark. 206, which is to the same effect. The reason for the rule was there stated in the language of the Court of Appeals of New York to be that "Pleading and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary."

The reason given does not apply here, nor does the rule itself. It is true replevin is a possessory action (*Spear* v. *Arkansas National Bank,* 111 Ark. 29), but one may bring a replevin suit without asking a delivery of the property previous to the trial. He may have the title to the property adjudged even though he asks no immediate delivery of the property upon an order of delivery, which he may have upon making the affidavit and giving the bond required by law. The cause may proceed to judgment without any delivery of the property prior to the judgment. The nature of the suit is not affected by the failure to issue an order of delivery. *Eaton* v. *Langley,* 65 Ark. 448. And the right to a judgment for the possession of the property, or for its value, will not be defeated because the party wrongfully detaining the property has parted with the possession at the time of the suit. *Har-*

*key* v. *Tillman,* 40. Ark. 551; *Hamilton* v. *Ford,* 46 Ark. 245. The automobile company gave bond and retained the possession of the automobile.

Here there is no change in the cause of action. Appellee asked and was granted, relief to which he was not entitled; but that fact furnishes no sufficient reason for refusing him the relief to which the undisputed evidence shows he is entitled. He gave appellant his check upon the express understanding that an automobile would be delivered to Flanagin, and upon the refusal of appellant so to deliver the automobile appellee was entitled to have his money returned to him. Appellant had no right to keep both the money and the automobile. There was no intention on appellee's part to pay the outstanding debt of the milling company, and the appropriation of money for that purpose, which was paid for another purpose, was wholly without justification, and appellee is entitled to have a judgment for the money so wrongfully appropriated.

If the cause were dismissed, the trial of another suit would be in the same court, between the same parties, and upon the same testimony, and at its conclusion appellee would be entitled to have the jury told to return a verdict in his favor for the sum of money for which he now has judgment. Such circuity of action is contrary to the spirit and policy of our Code of Practice and will not be required.

The judgment of the court below will be modified, however, so as to permit the recovery only of the amount of the check, and the judgment will thus become purely a money judgment, and, as thus modified, it is affirmed.