SOUTHERN COTTON OIL COMPANY *v.* EAST.

Opinion delivered May 27, 1918.

APPEAL AND ERROR—REMAND—TRANSFER TO EQUITY.—In an action in replevin appellee claimed a lien upon the property sought to be

recovered. A demurrer was sustained to appellee's claim but the judgment was reversed on appeal. Upon remand, *held,* appellee had the right to have the cause transferred to chancery, his claim of a lien and its enforcement being cognizable only in equity.

Appeal from Clark Circuit Court; *Geo. R. Haynie,* Judge; reversed.

*John H. Crawford* and *Dwight H. Crawford,* for appellant.

1. This is the second appeal in this cause. 126 Ark. 462. The answer of East and his counter-claim presented an equitable defense and the cause should have been transferred to the chancery court. 56 Ark. 450; 73 *Id.* 464.

2. Argue the merits of the cause, alleging many errors.

*McMillan & McMillan,* for appellee.

1. The motion to transfer to equity was properly refused. Defendant could secure all the relief to which he was entitled in a court of law. 108 Ark. 150; 95 *Id.* 488; 87 *Id.* 206, 211; K. & C. Dig., § 8441.

2. Argue the merits contending that the judgment is right and no error committed.

HUMPHREYS, J. This case is before us on appeal the second time. On the former appeal the case was styled *East* v. *Southern Cotton Oil Company,* and is reported in 126 Ark. at page 462. The suit was instituted in the Clark circuit court by appellant against appellee in replevin, to recover about fourteen tons of cotton seed. The complaint, answer and cross-complaint, and the contract involved in this suit, were all set out in the statement of the case on former appeal, and, for that reason, it is unnecessary to set them out again. The statement of the case on the former appeal is referred to and adopted as the statement of the case herein. The cause was reversed and remanded with directions to overrule the demurrer to the second and third paragraphs of the answer and cross-complaint and for further proceedings. Upon the remand of the case, a motion was filed to transfer the

cause to equity, which was overruled by the trial court. An exception was saved by appellant to the ruling of the court in refusing to transfer the cause to the chancery court and the refusal to transfer constitutes one of the grounds insisted upon by appellant for reversal in this case.

The trial court on the former appeal ruled that the provisions of the contract constituted East a purchasing agent only, and, for that reason, held that East's answer and cross-complaint did not constitute a defense to the replevin suit of the Southern Cotton Oil Company for the possession of the cotton seed. This court ruled otherwise, holding that the contract created an interest in, or lien on, the cotton seed purchased in favor of East, to the extent of the commission due for purchasing the seed and the charges for storing same, and, for that reason, held that the second and third paragraphs of the answer and cross-complaint constituted a defense to the replevin suit of the Southern Cotton Oil Company for the possession of the cotton seed.

The issue as to whether or not East's counter-claim constituted a defense to the replevin suit was presented to the court by demurrer to the second and third paragraphs of East's answer and cross-bill. The trial court sustained the demurrer to both counts, and rendered judgment in favor of the Southern Cotton Oil Company for the cotton seed. This court overruled the demurrer to both counts. The question raised by the demurrer and decided by this court was whether East's claim of commissions for buying the seed and charges for storing same entitled him to retain the possession of the seed until such commissions and charges were paid. In other words, whether or not his claim for charges, under the provisions of the contract, was a defense to the possessory action by the Southern Cotton Oil Company for the cotton seed. It was not insisted by either party upon the original trial or upon appeal to this court in the first instance that the answer and counter-claim presented an equitable defense or cause of action and that, for that rea-

son, the cause should be transferred to the chancery court. The effect of overruling the demurrer on former appeal left the case standing upon the affidavit or complaint, and the answer and cross-complaint. The answer and cross-complaint not only stated a good defense at law to the replevin suit, but it also set out an interest in the cotton seed enforceable in equity and not enforceable at law. One of the issues tendered by the answer and cross-complaint was appellee's claim to a lien on the cotton seed for commission and storage charges and the enforcement of same. This issue being exclusively cognizable in chancery, either or both parties were entitled to have the issue determined by the chancery court.

"Where the action has been properly commenced by proceedings at law, either party shall have the right by motion to have any issue which heretofore was exclusively cognizable in chancery tried in the manner hereinafter prescribed in cases of equity proceedings." Kirby's Digest, § 5995.

Appellant insisted upon this right and the court should have granted its request.

There are other assignments of error alleged to have occurred in the course of the trial, but, as the case must be tried anew in the chancery court, we deem it unnecessary to pass upon these assignments of error.

The judgment is reversed and the cause is remanded with instructions to sustain the motion to transfer the cause to the chancery court.