## JACKSON *v.* CROOM.

### Opinion delivered October 16, 1922.

1. PLEADING—DEMURRER TREATED AS MOTION TO MAKE DEFINITE.— A complaint in replevin which alleges that defendants have in their possession certain bales of cotton raised upon plaintiff's farm upon which plaintiff holds a landlord's lien is not demurrable, and defendants' demurrer, which should be treated as a motion to make the complaint more definite and certain, and an amendment to the complaint subsequently filed, as having been filed in response thereto.

2. REPLEVIN—AMENDMENT OF COMPLAINT.—An amendment to a complaint in replevin alleging more specifically a special ownership in the property is not objectionable as pleading a new cause of action.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy*, Judge; reversed.

*Marcellus L. Davis* and *John B. Crownover*, for appellant.

The amended complaint stated a cause of action. 36 Ark. 525; 38 Ark. 415; 45 Ark. 449; 47 Ark. 386; 52 Ark. 129; 61 Ark. 519; 67 Ark. 138; *Strode* v. *Holland*, 150 Ark. 122.

*Lee & Scott*, for appellees.

The court was correct in sustaining the demurrer to the original complaint. 36 Ark. 572; 38 Ark. 413; 132 Ark. 592.

Courts do not permit amendments, when the amendment is inconsistent and contradictory to the original complaint. 70 Ark. 319; 105 Ark. 406; 120 App. Div. 250; 113 N. Y. Supp. 779; 132 Ark. 368.

WOOD, J. This is an action in replevin instituted by the appellant against the appellees to recover the possession of five bales of lint cotton. In his original complaint the appellant alleged that the appellees "had in their possession, without right, five bales of lint cotton which were raised on plaintiff's farm, that plaintiff had a landlord's furnisher's lien thereon amounting to the sum of $700 for money, goods, wares and merchandise

furnished by him to Wilson Davis in order to enable the said Wilson Davis to make and produce the said five bales of cotton.'' Appellant prayed ''for the possession of the said five bales of cotton, to the end that he may sell the same to pay said furnisher's lien.''

The appellees demurred to the complaint, and the court sustained the demurrer and rendered judgment in favor of the appellees. At a later day of the same term of court the appellant amended his complaint by adding the following: ''That, prior to the time said defendants came into possession of the said cotton and prior to any attempt on their part to foreclose any mortgage on said five bales of cotton, the said Wilson Davis had turned over and delivered to plaintiff the said five bales of cotton in payment of the sum of $500 of his said indebtedness to the plaintiff, and that the said five bales of cotton were at the time, by virtue thereof, the property of this plaintiff, and the same were in his possession on his farm, when same were converted by the said defendant.''

The appellees renewed their demurrer to the amended complaint. The court sustained the demurrer and entered a judgment dismissing the complaint in favor of the appellees and for the return of the cotton by the appellant to the appellees, or, in default thereof, the sum of $500, its value, and for their costs. From that judgment is this appeal.

This case is ruled by the case of *Climer* v. *Aylor,* 123 Ark. 510, where the complaint filed in the justice court and as amended in the trial court was in substantial particulars the same as the complaint under review, only that the complaint in that case did not allege special ownership. In that case, among other things, we said: ''The plaintiff could not have been entitled to the possession of the property, and defendant could not have any possession thereof and have detained the property from plaintiff without right, unless the plaintiff had general or special ownership in the property. * * * The complaint was at least sufficient on general demurrer, and

the court erred therefore in dismissing the same. The defects therein could and should have been reached by a motion to make more specific. Under our liberal rules of pleading, the appellant should have been allowed to amend his cause of action defectively stated.'' The court should have treated appellee's general demurrer as a motion to make more specific, and the amendment to the complaint as having been filed in response to such motion. *Strode* v. *Holland,* 150 Ark. 122; *Moore* v. *Ford,* 146 Ark. 227.

Here the original complaint was defective in not stating the grounds upon which the special ownership of the appellees was based, but that defect was remedied by the amendment. The cause of action set forth in the original complaint was one for the possession of the property. The allegations of the amendment do not change the nature of the cause of action from one for possession to one for conversion and damages therefor, as in the cases upon which the appellees rely to sustain their contention. The allegations of the amendment to the original complaint were only an addition, and supplementary thereto. The action all the way through was for the possession of the property.

The court therefore erred in sustaining the demurrer and in dismissing appellant's complaint. For the error indicated, the judgment is reversed, and the cause remanded with directions to overrule the demurrer.