CHAPMAN v. CLAYBROOK.

Opinion delivered April 18, 1927.

1. APPEAL AND ERROR—PRESUMPTION AS TO JURISDICTION.—Where an action of replevin was transferred from a justice of the peace to the common pleas court, it will be presumed, on appeal from an order denying a motion to dismiss, in the absence of a showing to the contrary, that the venue had been changed by one of the parties as provided by Acts 1905, p. 364.

2. JUSTICES OF THE PEACE—PROCEDURE IN REPLEVIN.—It is not essential in an action of replevin in a justice's court that the plaintiff file a complaint, but an affidavit complying with Crawford & Moses' Dig., § 8640, is necessary to obtain an order of delivery.

3. JUSTICES OF THE PEACE—REPLEVIN—SUFFICIENCY OF AFFIDAVIT.—A verified instrument designated a "complaint" in an action of

replevin in the court of a justice of the peace *held* to constitute an affidavit as required by Crawford & Moses' Dig., § 8640, to obtain an order of delivery, where the requirements of such section were otherwise met, as the name of the pleading is not material.

4. JUSTICES OF THE PEACE—REPLEVIN—SUFFICIENCY OF AFFIDAVIT.— Failure of an affidavit in replevin to show the separate values of articles replevied, though error, in view of Crawford & Moses' Dig., § 8641, is not ground for dismissal of the action, where the aggregate value was stated and was within the court's jurisdiction, as the affidavit could have been amended.

5. REPLEVIN—ORDER OF DELIVERY.—An action of replevin may be tried, though there was no order of delivery.

6. REPLEVIN—ORDER OF DELIVERY.—Where there was no delivery in an action of replevin, the filing of an affidavit was not a prerequisite to jurisdiction, as the cause could proceed as one to try the right to the possession of the property.

Appeal from Crittenden Circuit Court, First Division; *G. E. Keck,* Judge; affirmed.

*W. A. Singfield,* for appellant.

*W. B. Scott,* for appellee.

SMITH, J. The transcript on this appeal contains the transcript of the record made in the common pleas court of Crittenden County, as certified to by the clerk of the county court of that county, who is ex-officio clerk of the common pleas court. In the transcript as thus certified there is a complaint, duly verified, which contains all the allegations required by § 8640, C. & M. Digest, to obtain an order of delivery in a replevin suit. The jurat is dated January 5, 1923. There appears also an order of delivery dated January 5, 1923, signed by a justice of the peace of the county, commanding the officer to whom it was directed to take from the possession of the defendant a mule, a two-horse wagon, and forty bushels of corn, more or less, all of the total value of $100, and to deliver possession thereof to the plaintiff upon his giving bond as required by law.

The complaint has the caption: "Before G. M. Coleman, justice of the peace for Bob Ward Township," and alleges that the plaintiff was entitled to the possession of the property there described under the mortgage

therein mentioned given by defendant to plaintiff on May 11, 1921. Attached to the complaint as exhibits thereto are, (a) an itemized statement of the account between plaintiff and defendant, and (b) a copy of the mortgage.

There appears also a bond entitled: "Bond for replevin attachment," which was approved by the justice of the peace on January 5, 1923, conditioned as follows:

"We undertake that the plaintiff, John Claybrook, shall pay to the defendant, William Chapman, all damages which he may sustain by reason of this action, if the order therefor is wrongfully obtained, and the cost of the action."

There appears to have been a trial before the county judge, who is the presiding officer of the court of common pleas, and a judgment for the plaintiff was rendered for the possession of the mule and the wagon, or the value thereof, which was fixed at $100. The judgment contained no reference to the corn.

An appeal was duly prosecuted from the judgment of the common pleas court, and, upon the coming on of the cause for trial in the circuit court, on the appeal, the defendant filed a motion to dismiss the cause of action, for the reason that "said suit purports to be an action for replevin, and originated in the justice of the peace court, but plaintiff failed to make the affidavit as required by § 8640 of Crawford & Moses' Digest, and failed to comply with the law in any regard as provided by §§ 8642 and 8643, Crawford & Moses' Digest, all of which was necessary to give the court jurisdiction."

It thus appears that the suit was begun in the court of a justice of the peace, and that it was transferred to the common pleas court, although it does not appear upon whose application the transfer was made.

Act 149 of the Acts of 1905 (Acts 1905, page 364) created a court of common pleas in Crittenden County, and § 14 thereof reads as follows: "When any civil action or special proceeding is or shall be pending before any justice of the peace in said county, either party may, on motion, have a change of venue from such justice's court

to the court of common pleas, and, on the filing of such motion, the justice shall at once suspend all further proceedings therein, and shall, at once and without delay, make out a certified transcript of his docket entries in the case and all costs therein accrued to date, and transmit the same, together with all the original papers in the case, to the clerk of said common pleas court, for which service the justice shall receive the sum of one dollar, to be paid by the party applying for change of venue, to be taxed as costs in the cause; provided that, where the change of venue is taken by the plaintiff, he shall at the same time pay all costs which may have accrued before such justice.''

It thus appears that either the plaintiff or the defendant had the right, under the section quoted, to change the venue in any civil action from any justice court of the county to the common pleas court of the county, and it must be presumed (and especially so in the absence of any showing to the contrary) that one party or the other had the venue of the action changed from the justice before whom the case was brought to the common pleas court.

It has been held that the affidavit to obtain an order of delivery is no part of the complaint (*Donnelly* v. *Wheeler*, 34 Ark. 111), and that the office of the affidavit is to procure the order of delivery, and, when that is accomplished, it has performed its office as an affidavit, and in the justice of the peace court serves as a complaint. *Hawes* v. *Robinson*, 44 Ark. 308.

It was not essential that the plaintiff file a complaint in the justice court, but it was essential that an affidavit complying with § 8640, C. & M. Digest, be filed to obtain the order of delivery. It appears, however, that this was done, although the instrument filed was designated a ''complaint,'' instead of an ''affidavit,'' but the name of a pleading filed is not controlling. The essential thing is that § 8640, C. & M. Digest, be complied with. This section defines the requisites of the affidavit, and the instru-

ment designated "complaint," which was duly verified, contained all the allegations required by that section.

We hold therefore that an affidavit was filed as required by law, and that this action was properly begun as a suit in replevin.

It is insisted that the complaint, if treated as an affidavit, is defective in that it does not show the separate value of the articles replevied. The affidavit does state the aggregate—and not the separate—value of the articles alleged to have been mortgaged to plaintiff by defendant, but the total value stated is within the jurisdiction of a justice of the peace. Section 8641, C. & M. Digest, provides that, where the delivery of several articles of property is claimed, the affidavit must state the value of each, and compliance with this section would, no doubt, have been compelled, had a motion to that effect been made. This defect was not ground to dismiss the cause of action, however, as the affidavit might have been amended in this respect. *Higgason* v. *Braswell,* 163 Ark. 348, 258 S. W. 983; *Hanf* v. *Ford,* 37 Ark. 544; *Noland* v. *Leech,* 10 Ark. 504; *Strode* v. *Holland,* 150 Ark. 122, 233 S. W. 1073.

As appears from the motion to dismiss, set out above, it is contended that the bond given by the plaintiff is not conditioned as required by law to obtain an order of delivery. Answering this contention, it may be said that the return of the constable on the order of delivery reads as follows:

"I have served the within paper by reading the contents thereof to the defendant, William Chapman." The order of delivery appears therefore to have been served as if it were a summons. It does not appear that the officer took possession of the property, or that possession thereof was delivered to the plaintiff, and the judgment of the common pleas court orders that the plaintiff have and recover the possession of the property, or its value, from the defendant.

The case appears to have been tried as if there had been no order of delivery, and this is a permissible prac-

tice. In the case of *United States Automobile Co.* v. *Deshong,* 134 Ark. 392, 204 S. W. 103, it was said:

"It is true replevin is a possessory action (*Spear* v. *Arkansas National Bank,* 111 Ark. 29, 163 S. W. 508), but one may bring a replevin suit without asking a delivery of the property previous to the trial. He may have the title to the property adjudged, even though he asks no immediate delivery of the property upon an order of delivery, which he may have upon making the affidavit and giving the bond required by law. The cause may proceed to judgment without any delivery of the property prior to the judgment. The nature of the suit is not affected by the failure to issue an order of delivery. *Eaton* v. *Langley,* 65 Ark. 448, 47 S. W. 123."

In the case of *Schattler* v. *Heisman,* 85 Ark. 73, 107 S. W. 196, a pleading purporting to be an affidavit was filed with a justice of the peace, but it was not verified. The court there said: "This paper, although not sworn to, was a sufficient complaint to give the court jurisdiction of the subject-matter in replevin; and the court could proceed to try the right to the possession of the property involved without the possession being changed. Sections 6853-54, Kirby's Digest; *Hanner* v. *Bailey,* 30 Ark. 681; *Hawes* v. *Robinson,* 44 Ark. 308; *Eaton* v. *Langley,* 65 Ark. 448, 450, 47 S. W. 123. But, before an order of delivery can issue for the immediate possession of the property in advance of the trial of the rights of property, an affidavit contemplated by § 6854, Kirby's Digest (§ 6854, Kirby's Digest, is identical with § 8640, C. & M. Digest), must be filed. A failure to file such affidavit before the issuance of the order of delivery for the immediate possession is ground for quashing the writ. But it is not a prerequisite to the jurisdiction of the court to settle the rights of property without a change of the possession. *Eaton* v. *Langley, supra.*"

It appears therefore that § 8640, C. & M. Digest, was complied with, and, further, that, if it had not been (inasmuch as there was no delivery of the property), the cause might have proceeded as one to try the right to

the possession of the property involved, and such appears to have been the cause tried in the common pleas court.

It is unnecessary, in view of what we have just said, to consider the effect of plaintiff's failure to execute a bond conditioned as required by § 8643, C. & M. Digest. If it were, the case of *O'Brien* v. *Alford,* 114 Ark. 257, 169 S. W. 774, might be cited.

The motion to dismiss was therefore properly overruled, and, as no other question is presented, the judgment of the court below is affirmed.