THOMAS v. OWEN.

Opinion delivered October 22, 1928.

*Trimble & Trimble,* for appellant.

*M. K. Moran,* for appellee.

HUMPHREYS, J. Appellee filed the following affidavit in the court of H. Monk, a justice of the peace in Caroline Township, in Lonoke County, omitting caption:

"I, Maggie Owen, do solemnly swear that I have reason to believe that I have a cotton planter on the farm of Joe Sims, either in barn or some outhouse on said farm. The planter is a Shawnee Avery Junior, and I hereby pray of H. Monk an order of delivery to be

served by day to have the barns and outbuilding searched that I may find said planter. Maggie Owen.''

The justice of the peace thereupon issued the following order of delivery, omitting caption:

''To any constable of Lonoke County: You are commanded to take from the possession of John Thomas and Joe Sims, or any one who has possession, one Shawnee Avery Junior Combination Planter, of the value of $25, and deliver the same to Mrs. Maggie Owen. You will also summon John Thomas and any other person in whose possession the planter may be found, and you will summon John Thomas and all other persons, to appear in my office on the 26th day of March, 1927, at 10 o'clock A. M., and you will make due returns of this writ before me on the 26th day of March, 1927. Given under my hand this 18th day of March, 1927. H. Monk, J. P.''

The cotton planter was found by the constable and delivered to appellee, pursuant to the order of delivery. The suit was transferred to the court of common pleas in said county, and John Thomas, one of the appellants, executed a forthcoming bond, and obtained the return of the cotton planter which had been delivered to appellee. The forthcoming bond is as follows, omitting caption and signatures:

''We undertake and are bound to the plaintiff, Maggie Owen, in the sum of fifty dollars, that the defendant, John Thomas, shall perform the judgment of the court in this action, or that the undersigned, John Thomas, will have the Avery Planter attached in this action, or its value, twenty-five dollars, forthcoming and subject to the order of the court for the satisfaction of such judgment.''

On the trial in the court of common pleas, and also in the circuit court, to which the case was appealed, all the irregularities in the pleadings were waived by the parties, and the cause was tried by agreement upon the issues of who was the owner of the cotton planter, its value, and the damage for detention of same, if any.

No objections were made or saved in the course of the trial by either party to the evidence admitted or the instructions given by the court.

An appeal has been duly prosecuted to this court from the verdict and consequent judgment in favor of appellee for the possession and return of the cotton planter, or its value, in the sum of $20, and $5 damage for detention of same.

Appellant contends for a reversal of the judgment on the sole ground that the affidavit filed by appellee before the justice of the peace did not contain the prerequisites necessary to obtain an order of delivery of personal property and was insufficient to sustain a cause of action in replevin within the jurisdiction of the justice of the peace, and that therefore the circuit court acquired no jurisdiction by the appeal. It is true that the affidavit was in the nature of an affidavit for a search warrant, and did not contain the prerequisites of an affidavit in replevin, in accordance with § 8640 of Crawford & Moses' Digest, and did not sufficiently state a cause in replevin, yet did serve the purpose in both instances. The cotton planter was seized on the order of delivery, based on said affidavit, and delivered to appellee, and in the trial of the cause all irregularities in the pleadings were waived by the parties. The issue in replevin was tried by agreement of the parties, and testimony was adduced by both parties responsive to the issue, without objections or exceptions by either to the evidence introduced or instructions given by the court. After a trial and verdict on the merits it was too late to object to the insufficiency of the affidavit upon either ground. *Hawes* v. *Robinson,* 44 Ark. 308; *Waterman* v. *Irby,* 76 Ark. 551, 89 S. W. 844; *Climer* v. *Aylor,* 123 Ark. 510, 185 S. W. 1097.

No error appearing, the judgment is affirmed.