SMITH *v.* SMITH.

4-9739                                    247 S. W. 2d 197

Opinion delivered March 24, 1952.

*Rex W. Perkins* and *E. J. Ball,* for appellant.

*James R. Hale* and *Clifton Wade,* for appellee.

GEORGE ROSE SMITH, J. This is a suit in replevin filed by the appellee to recover possession of a riding horse, saddles, bridles, and other riding equipment described in the complaint. The property formerly belonged to the appellee's deceased husband, C. T. Smith, who died in 1948; but the appellee testified below that her husband gave her the horse and equipment in 1946. The appellant, a brother of the decedent, defended the suit on the theory that he had acquired title to the property as a part of the decedent's estate. The jury found for the widow.

There is ample testimony to support the jury's conclusion that C. T. Smith gave this property to his wife, but the appellant insists that Mrs. Smith released her interest in the chattels in 1950. The appellant was then the executor of his brother's will. In his inventory he had listed the property in dispute as part of the estate, but the widow filed exceptions to the inventory and asserted her claim of ownership. Before the probate court acted upon the matter Mrs. Smith executed a written instrument by which she released to the appellant "all of my right, title, claims and interest in and to the estate of . . . C. T. Smith, deceased, except such sums as have been paid to me heretofore." The appellant argues that in view of this release the trial court should have directed a verdict in his favor.

The court was correct in refusing the requested peremptory instruction and in submitting to the jury the question whether the property was owned by C. T. Smith or by his wife when he died in 1948. The release signed by the widow did not describe any specific property or purport to settle the dispute raised by her exceptions to the inventory; it simply released her interest in "the estate." What the estate consisted of depends upon what property the testator owned at his death, and by

its verdict the jury found that Smith did not then own the property now in controversy. Hence that property was not part of his estate.

The verdict and judgment are for the possession of the chattels, or, if delivery cannot be had, for their value, which is found to total $925. The appellant contends that the widow sued for a value of only $250 and that the trial court erred in receiving proof of a higher value and in permitting the jury to base its verdict upon that evidence. This position is not well taken. The complaint itself makes no reference to value; it merely asks for the recovery of possession. With the complaint the plaintiff filed an affidavit and bond for immediate delivery, pursuant to Ark. Stats., 1947, §§ 34-2102 and 34-2105, and in the affidavit she valued the property at $250. This affidavit, however, is not part of a complaint in replevin. Its office is to procure the order of delivery, and its function in the circuit court ends when its purpose has been accomplished. *Chapman* v. *Claybrook*, 173 Ark. 705, 293 S. W. 43. In the case at bar it happened that the affidavit and bond were futile, as the property was in Oklahoma and could not be seized by the sheriff. Yet, not being part of the complaint, the affidavit neither restricted the plaintiff's possible recovery nor amounted to anything more than a sworn statement of her belief as to the worth of the chattels. It did not preclude her from proving by qualified witnesses that the property had a greater value than she had thought, and the jury were at liberty to accept that proof.

Affirmed.