## HAWES v. ROBINSON.

REPLEVIN: *Affidavit: Description of property.*

An affidavit in replevin must describe the property sued for in such manner as to identify it. But after trial and verdict on the merits it is too late to object to the insufficiency of the affidavit.

2. SAME: *Office of affidavit.*

In a justice of the peace's court the first office of the affidavit is to procure the order of delivery. When that is accomplished it has performed its office as an affidavit and thereafter serves as a complaint.

APPEAL from *Phillips* Circuit Court.

Hon. F. T. VAUGHAN, Circuit Judge, on exchange of circuits.

*George Sibley* for appellant.

The affidavit was fatally defective; it contained no description of the property. *Wells on Replevin, secs. 171 to 173; 664–5; 3 Blk. Com., s. p. 145; 1 Ch. Pl., 163; Gantt's Digest, sec. 5035, sub. 1.*

Appellant being in possession and claiming adversely was *prima facie* the owner. The onus was on appellee, to overcome this presumption by preponderance of proof. *Wells on Repl., sec. 696, et seq.*

The defective affidavit was not cured by verdict. Appellant resisted the action on that ground.

### STATEMENT.

This was replevin before a justice of the peace, commenced by filing an affidavit in the usual form, but describing the property in general terms as "one sow worth five dollars, six pigs worth one dollar each, and two shoats worth five dollars each." The order of delivery described

the property as "one sow, black, with white feet and nose, and white spots on left shoulder; six pigs belonging to said sow, worth one dollar each; and two shoats about six months old, and weighing about fifty pounds each, and worth five dollars each."

For the rest the opinion sufficiently states the facts.

OPINION.

COCKRILL, C. J. It is essential to a proper affidavit in replevin that it describe the property sued for in such manner as to afford the means of identifying it. In a justice of the peace's court the first object of the affidavit is to procure the order of delivery. When that is accomplished it has performed its office as an affidavit and thereafter serves as a complaint. (*Hanner v. Bailey, 30 Ark., 681.*) After the order or writ is issued and served and there has been a defense to the action on the merits, and a verdict for the plaintiff, as in this case, it is too late to object that the affidavit does not contain a specific description of the property. (*Wells Replevin, sec. 657; Perkins v. Smith, 4 Blackf. (Ind.), 299; Kirkpatrick v. Cooper, 77 Ill., 565; Warner v. Aughenbaugh, 15 S. & R., 9.*) The affidavit in the case at bar did not contain a sufficient description of the property. The writ was specific enough in that respect. The appellant, who was defendant in the suit, made no objection to either in the justice's court, but tried the case on its merits and was defeated. In the Circuit Court, on appeal, he filed an answer claiming title in himself with great particularity and detail, alleging also that the affidavit in replevin was not such as it should be. He did not press his objection in any form for decision, but introduced testimony himself identifying and describing the property to establish title to it, manifesting no misapprehension as to what

property was sued for.   The jury, upon what seems to us to be a preponderance of evidence, found against him. He made no objection to anything else.   On this state of the record we are asked to reverse the judgment.   To do this would be to hold that the practice in replevin under the Code is more technical than the practice in replevin at common law.   This cannot be.   Let the judgment be affirmed.