WILLIAM H. FELKNER, JAMES DOUGHERTY, JAMES O'BRIEN, JOHN C. FOX and CURTIS ESTES, Appellants, v. JOHN E. DOOLY, Respondent.

### No. 1443.    (78 Pac. 365.)

Action Against Trustee: Limitation.

Where a trustee denies the trust, or denies the liability under the trust relation, and the beneficiary has notice of such repudiation, then the statute of limitations attaches, and under Revised Statutes 1898, sections 2855, 2883, an action to recover the interest of a beneficiary in the proceeds of a sale made by such trustee after four years have elapsed is barred by limitations.

BASKIN, C. J., dissenting.

(Decided November 4, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. C. W. Morse,* Judge.

On rehearing granted. For former opinion see, 27 Utah 350; 75 Pac. 854.

MODIFIED.

*Messrs. Henderson, Pierce, Critchlow* and *Barrette* for appellants.

*Messrs. Dickens, Ellis & Ellis* and *Arthur Brown, Esq.,* for respondent.

McCARTY, J.—A rehearing was granted in this case, and its reconsideration confined solely to the question as to whether defendant's plea, in his answer, of the statute of limitations, is a bar to the action.

After again carefully reviewing the record, the exhaustive and able brief filed by respondent for a rehearing, and the authorities therein cited, we are satisfied that the result reached in our former decision in this case (Felkner v. Dooly, 27 Utah 350, 75 Pac. 854) must be modified. While we adhere to the doctrines announced in that opinion, we are satisfied that the facts do not bring the entire case within the rules therein declared.

By an examination of the case of Hamilton v. Dooly, 15 Utah 280, 49 Pac. 769, and the former opinion in this case (Felkner v. Dooly, 27 Utah 350, 75 Pac. 854), it will be seen that in the year 1885 certain proceedings were commenced in Idaho by seventeen lien claimants to foreclose their liens on the Charles Dickens property for wages, in which case Dooly was made a party defendant, and in each case he answered, setting up his claim to the property by virtue of his mortgage. In due time a decree was entered foreclosing the mechanics' liens and the mortgages held by McCornick and Dooly. A sale was made in accordance with the decree of the court, and the property bought by R. C. Chambers, who acted as the agent of McCornick and Dooly.

In the case of Hamilton v. Dooly, supra, the defendant, in his answer filed February 8, 1890, alleged, referring to the sale and conveyance of the Charles Dickens property to his agent, R. C. Chambers, under the foreclosure proceedings, "that by virtue of such sale and conveyance said defendant became and was the equitable owner of an undivided two-thirds of said mining claims, freed from said trust; that thereafter the same was sold and conveyed by said Chambers under the authority of the defendant, and said sum hereinafter stated received therefor, but that the same was not re-

ceived or even held in trust." All of the claims, thirty-four in number, sued on in this action, except three claims owned or represented by plaintiff Fox, were prior to the bringing of the action, assigned to plaintiff Felkner, with one exception, these assignments were made prior to April, 1893, more than six years before this action was commenced.

Fox testified that he was instrumental in securing most of the assignments to Felkner for the purpose of this action, and that he informed the parties owning the claims that defendant, in the trial of the case of Hamilton v. Dooly, supra, claimed the Charles Dickens property, and that he was entitled to the proceeds of the sale; that Dooly claimed all the money. And he further testified as follows: "After these assignments were made I talked with Felkner. We met frequently from the time the assignments were made. . . . I talked with him about it, and told him about the Rohrer suit repeatedly (Hamilton v. Dooly), and that Dooly claimed the proceeds of the sale. . . . I have known ever since 1890 that Mr. Dooly claimed the proceeds of the sale of the Charles Dickens mine as his own individual money."

Felkner was called as a witness, and testified in part, as follows: "I was a creditor of Norton's and heard of the Rohrer suit pending here away back ten years ago, and knew that Rohrer claimed to have a note from Norton, and that he was suing Dooly on that note, and that he was suing Dooly to recover his proportion of the money that Dooly received on the sale of the property, . . . and knew that Dooly was fighting that case—resisting payment to Rohrer—and that Dooly was claiming that he did not have to pay any of that money received from the sale of Charles Dickens mine . . . to Rohrer or to anybody."

Without further reviewing in detail the facts and proceedings of the former cases in which the trust funds in question were the subject-matter of litigation, it sufficeth to state that the record shows that the plain-

tiffs and their assignees, for nearly ten years prior to the commencement of this action, had knowledge of the fact that Dooly had repudiated and denied the trust as to the proceeds of the sale of the Charles Dickens property. And the authorities uniformly hold that when a trustee of an express trust denies the trust and assumes the absolute ownership of the trust property, and this claim of ownership is brought home to the *cestui que trust,* a cause of action exists in favor of the latter from the time he receives notice of the repudiation of the trust by the trustee, and the statute of limitations begins to run from that time.

In the case of Thomas v. Glendinning, 13 Utah 47, this court held that: "It is well settled that as between the trustee and *cestui que trust,* the statute of limitations does not operate, in cases of express or direct trust, so long as such trust continues. But when the trustee denies the trust and assumes ownership of the trust property, or denies his liability or obligation under the trust relation in such manner that the *cestui que trust* has actual or even constructive notice of the repudiation of the trust, then the statute of limitations attaches and begins to run from that time, for such denial or adverse claim is an abandonment of the fiduciary character in which the trustee has stood to the property." 2 Wood on Limitations, 212; 1 Beach, Modern Equity Juris., 155; Speidel v. Henrici, 120 U. S. 377, 7 Sup. Ct. 610, 30 L. Ed. 718; Philippi v. Philippi, 115 U. S. 151, 5 Sup. Ct. 1181, 29 L. Ed. 336; Riddle v. Whitehill, 135 U. S. 621, 10 Sup. Ct. 924, 34 L. Ed. 283; Miles v. Thorne, 99 Am. Dec. 391; Wilson v. Green, 49 Iowa 251; Jones v. Lemon, 26 W. Va. 629; Mantle v. Mining Co., 27 Mont. 473, 71 Pac. 665; Kane v. Bloodgood, 7 Johns. Ch. 91, 11 Am. Dec. 417; Janes v. Throckmorton, 57 Cal. 368; W. L. Turnpike Co. v. Wickliffe's Adm'r, 100 Ky. 531, 38 S. W. 866, 66 Am. St. Rep. 356; Ganser v. Ganser, 83 Minn. 199, 86 N. W. 18, 85 Am. St. Rep. 461.

Section 2855, Rev. St. 1898, provides that "civil actions can be commenced only within the periods pre-

scribed in the three succeeding chapters after the cause of action shall have accrued.'' The time in which actions, such as the one under consideration, may be commenced, is four years from the time the cause of action accrues. Rev. St. 1898, section 2883. In this case the cause of action existed in favor of plaintiffs and their assignors for the recovery of their interest in the proceeds of the sale of the Charles Dickens mine when they received notice that Dooly asserted absolute ownership in himself to this fund, and, having failed to commence their action for more than four years thereafter, the defense of the statute of limitations interposed by defendant must prevail as to this particular fund. There being no claim or pretense that Dooly has ever denied or repudiated his trust as to the funds received from the sales of the other property which came into his possession by virtue of the trust, he must therefore account for the same.

Our former opinion in this case is hereby modified, and the judgment of the lower court, in so far as it exonerates defendant from all legal liability to account for the proceeds of the sale of the Charles Dickens property, is affirmed. But the case is remanded with directions to the trial court to modify and set aside the judgment in so far as it holds that plaintiffs' cause of action to compel defendant to account for the proceeds of the sales of the other trust property is barred, and to proceed in accordance with the views herein expressed; the costs of this appeal to be taxed against respondent.

BARTCH, J., concurs. BASKIN, C. J., dissents.