SCHATTLER *v.* HEISMAN.

Opinion delivered January 6, 1908.

REPLEVIN—SUFFICIENCY OF COMPLAINT.—An unsworn statement filed in a replevin suit in a justice's court which alleges that plaintiff is the owner of certain goods in defendant's possession, describing them, is a sufficient complaint to give the court jurisdiction of the subject-matter, though, before an order of delivery can issue in advance of trial, an affidavit, as required by Kirby's Digest, § 6854, must be filed.

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

STATEMENT BY THE COURT.

This was a suit upon a certified copy of a judgment of a justice of the peace rendered in a replevin case for the recovery of certain personal property, or its value, in favor of B. G. Holt, and which was assigned to the appellee, A. M. Heisman.

The record recites that Holt filed an affidavit before the justice of the peace, Stebbins, on September 4, 1895, "stating that he is the owner of one lot of goods as specifically set forth in his complaint," etc., therefore "an order of delivery and summons is issued, made returnable on the 25th day of September, 1895." An order of delivery and summons, having date September 4, 1895, was issued and served upon Schattler, September 9, 1895. On October 22, 1895, judgment was rendered by default against Schattler for recovery of the property of $116.75, its value.

The record shows an affidavit signed by Holt which appears to have been sworn to the 17th day of October, 1895. It has no filing mark upon it. No other affidavit appears of record.

W. H. Andereck, who was attorney for Holt, testified that he remembers the suit having been brought, and it is his recollection that he filed the affidavit. He remembers filing it. "If I filed it at all, it is my recollection that it was when the suit was filed. I could not have filed the suit without the affidavit." He knew how to bring a replevin suit. Never filed a suit in replevin anywhere, as he recollects, without filing at the time an affidavit. If he filed the suit at all, he filed the affidavit at the time he filed the suit. Can't remember the circumstances

of filing the affidavit shown him; it may have been as an amended affidavit.

A. H. Stebbins, justice of the peace, testified: Remembers suit being filed. Schattler talked to him about it afterwards. There was bound to have been an affidavit filed with him before he issued the writ, because he never in his existence had issued such a writ without an affidavit. Never did issue a writ without something being filed before him on which to base it. Don't remember the circumstances of issuing this writ. This affidavit is not marked "Filed." It might have been that this was substituted for another affidavit; Mr. Holt may have filed this before me, and sworn to it, and I put my jurat on afterwards. It has occurred that I made a mistake about putting on the jurat for thirty or forty days. It may be overlooked. This is all the affidavit that I found in the case.

The defendant filed a motion to dismiss for want of jurisdiction, which was overruled, and the court thereupon gave judgment for the appellee, Heisman.

*W. R. F. Payne* and *John D. Schackleford,* for appellant.

Replevin is a possessory action, and, before an order can be made, the affidavit required by statute must be made and filed. Kirby's Digest, § 6854; 44 Ark. 308. The jurisdiction of a justice of the peace court must appear upon the face of the papers filed, and the cause of action must be filed before the justice of the peace before he can issue the summons. 5 Ark. 27; 9 Ark. 480; 10 Ark. 316; 6 Ark. 41; *Id.* 182; 36 Ark. 268; 7 Ark. 469.

*Ratcliffe & Fletcher,* for appellee.

A suit for replevin may proceed upon complaint without affidavit, in which event, as in this case, no immediate possession of the property will be taken. Kirby's Digest, § 6852-3; 30 Ark. 681; 65 Ark. 448. The record shows that a complaint was filed. Moreover, the affidavit, whether sworn to or not, would answer the purpose of a complaint. 44 Ark. 308.

WOOD, J., (after stating the facts.) The paper in this cause, purporting to be an affidavit, was filed with the justice of the peace on the day that the summons and order of delivery were issued. That is clear from the testimony. This paper,

although not sworn to, was a sufficient complaint to give the court jurisdiction of the subject-matter in replevin; and the court could proceed to try the right to the possession of the property involved without the possession being changed. Sections 6853-54, Kirby's Digest; *Hanner* v. *Bailey,* 30 Ark. 681; *Hawes* v. *Robinson,* 44 Ark. 308; *Eaton* v. *Langley,* 65 Ark. 448, 450.

But, before an order of delivery can issue for the immediate possession of the property in advance of the trial of the rights of property, an affidavit contemplated by section 6854, Kirby's Digest, must be filed. A failure to file such affidavit before the issuance of the order of delivery for the immediate possession is ground for quashing the writ. But it is not a prerequisite to the jurisdiction of the court to settle the rights of property without a change of the possession. *Eaton* v. *Langley, supra.*

Moreover, the record recites, and the facts stated would warrant a finding, that the affidavit was made at the time the paper was filed with the justice, but that his jurat, through oversight, was not attached until later.

The court has jurisdiction, and the judgment is affirmed.