LEE COUNTY NATIONAL BANK v. HUGHES.

Opinion delivered October 6, 1924.

1. TRIAL—ABSTRACT INSTRUCTION.—A cause will not be reversed because the trial court refused to submit an issue not raised by the allegations and proof.

2. LIMITATION OF ACTIONS—RECOVERY OF BAILMENT.—In bailments an action for the property does not accrue nor the statute of limitations begin to run until demand is made therefor and delivery is refused.

Appeal from Lee Circuit Court; *E. D. Robertson,* Judge; affirmed.

*Daggett & Daggett,* for appellant.

The bank was a gratuitous bailee, and was liable only for gross negligence. 140 Ark. 484; 103 Ark. 12. The court, in instruction No. 2 given on behalf of plaintiff, erroneously placed the burden of proof on defendant to explain the loss of the bonds, and made it the absolute legal duty of defendant to return the bonds or their value, regardless of the contract. 101 Ark. 75; 134 Ark. 76; 157 Ark. 167.

*Mann & Mann,* for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant in the circuit court of Lee County to recover the value of $2,000 in government bonds alleged to have been purchased by appellant bank for appellee's testate, and not delivered to him or his executor when demand was made for same. The complaint, in substance, alleged that appellee was the executor of the estate of G. B. Daniels, deceased, who, prior to his death, deposited with appellant $15,000 to be invested in Liberty bonds; that thereafter appellant returned to appellee $13,000 in bonds, but refused to deliver the remaining $2,000, after demand had been made for same; that said bonds were of the value of $2,000, with accrued interest, and prayed judgment in said sum.

Appellant filed an answer denying the material allegations of the complaint, and, by way of further answer, alleged that on the 16th day of June, 1917, G. B.

Daniels deposited with it $10,000 to purchase for his account Liberty bonds of the first issue in said sum, which it purchased and delivered to him; that on the 9th day of November, 1917, G. B. Daniels deposited with appellant $5,000 to purchase for his account registered Liberty bonds, and that on the 17th day of April, 1918, it purchased and delivered said bonds to G. B. Daniels. Appellant also interposed the three-year statute of limitations as a bar to a recovery.

The cause was submitted to a jury upon the pleadings, the testimony introduced by the respective parties, and instructions of the court, which resulted in a verdict and judgment for $2,000 and interest against appellant, from which is this appeal.

The undisputed testimony shows that appellant purchased two lots of government bonds for G. B. Daniels, who placed them in a safety deposit box in the bank, one lot for $5,000 and one lot for $10,000; that the bank permitted this with the understanding that it would not be responsible to its customers in case the bonds were lost; that, on account of robberies of other banks, appellant notified its customers, including Daniels, to transfer the bonds to a compartment in the burglar-proof safe in the front part of the bank building; that this was done, and the bonds of all the customers were put in separate envelopes and placed in said compartment; that the $5,000 lot of bonds was returned.

The testimony was in conflict as to whether $2,000 of the $10,000 lot of bonds belonging to Daniels was contained in the envelope deposited in the burglar-proof safe, or, if so, whether they were thereafter obtained by Daniels or his executor before demand was made for the $10,000 lot of bonds. This conflict in the testimony was determined by the jury, under proper instructions, adversely to appellant.

Appellant contends for a reversal of the judgment, however, because the court sent the cause to the jury upon the sole issue of whether the $2,000 in bonds had been left in the custody of the bank, and, if so, whether

they had been returned to Daniels or his executor. This contention is based upon the theory that appellant bank received the bonds under an agreement not to be responsible for the loss, and, in any event, were deposited with appellant as a gratuitous bailee. It is argued that the case was submitted on a theory which ignored appellant's two defenses, viz: first, the agreement exempting the bank from liability, and secondly, in the absence of such an agreement, that the bank occupied the position of a gratuitous bailee and was liable only in the event of gross negligence in the care of the bonds. We do not think the two defenses referred to were embraced in the pleadings or testimony. There was no allegation or proof that the bonds were lost by robbery, fire, or other cause against which the bank is alleged to have contracted, or on account of which it was not liable as a gratuitous bailee. The allegations and proof presented the sole issue of whether the bonds were left in the custody of the bank and afterwards returned by the bank to Daniels or his executor. The theory upon which the case was submitted was correct, because responsive to the allegations and proof.

Appellant also contends for a reversal of the judgment on the ground that the action was barred by the three-year statute of limitations. The contention is based on the claim that the action accrued when it was first discovered that the bonds were not in the safe. In bailments an action for the property does not accrue until demand is made therefor and delivery is refused. This issue was submitted to the jury on a correct instruction if the three-year statute applied, which it is unnecessary to decide.

No error appearing, the judgment is affirmed.