## FELDMAN v. FELDMAN.

Opinion delivered November 1, 1926.

1. PLEADING—TITLE OF PLEADING.—A statement of facts constituting a cause of action is sufficient to give the court jurisdiction, whether entitled a complaint or an affidavit.

2. REPLEVIN—SUFFICIENCY OF COMPLAINT.—A complaint containing a sufficient description and value of the goods, alleging that plaintiff is entitled to possession and that defendant is in unlawful possession, is sufficient to give the court jurisdiction over the subject-matter, under Crawford & Moses' Dig., § 8640.

3. REPLEVIN—DIRECTION OF VERDICT.—Where the undisputed testimony established that a highway unloading equipment, built as part of a barn and attached thereto by bolts, was a fixture which passed by deed to plaintiff, it having been removed by defendant, it was not error to direct the jury to ascertain the value of the equipment and return a verdict for plaintiff for possession of the property or its value.

4. JUSTICES OF THE PEACE—JURISDICTION.—A fixture detached from a barn by defendant became personal property in his possession, and a suit to recover same was within the jurisdiction of a justice of the peace.

Appeal from Clay Circuit Court, Eastern District; *W. W. Bandy*, Judge; affirmed.

*Ward & Ward*, for appellant.

*Holifield & Irvin*, for appellee.

WOOD, J. This action was instituted by the plaintiff, Bessie Feldman, against the defendant, David Feldman, in the justice court, as follows: "The plaintiff, Bessie Feldman, states that she is entitled to the possession of the following property, to-wit:

| | |
|---|---|
| 48 feet of hay-track used in barn of the value of 25 cts. per foot | $12.00 |
| Twenty-five hangers support track | 3.00 |
| Hay harpoon of the value of | 5.00 |
| Two pulleys of the value of $1.25 each | 2.50 |
| 150 feet of rope, one-inch | 8.00 |
| Hay carriage | 10.00 |
| One stop | 2.25 |
| One hay trip | .75 |

"of which the defendant unlawfully has possession without right, and which he unlawfully detains from the plaintiff. Wherefore, the plaintiff prays judgment for the recovery of said property, and for ten dollars damages for the detention thereof, and for other relief."

The defendant moved in the justice court, and also in the circuit court to which the cause was appealed, to quash the order of delivery and to dismiss the cause on the ground that the affidavit, or complaint, and the order of delivery did not sufficiently describe the property. The trial court sustained the motion, and quashed the order of delivery, but overruled the motion to dismiss the cause. To this ruling the defendant duly excepted.

The facts are substantially as follows: The defendant, by warranty deed, conveyed to the plaintiff a tract of land on which a barn was located. In this barn was an apparatus for unloading hay. It consisted of 48 feet of track, 25 hangers, a hay harpoon, two pulleys, a hay carriage, one stop, and 150 feet of rope. This equipment was necessary to unload hay into the barn, and was fastened to the barn by bolts, the hangers being

bolted to the rafters, the hooks connected with the hangers, and the track was also connected with the hangers. On the track the carriage was placed, and all these tools constituted a hay-unloading outfit which had to be used all together in order to effectuate the unloading of the hay. The barn was constructed with the view of installing this equipment for unloading the hay. When the defendant carried the equipment away, he had to unscrew parts of it from the barn. The defendant was asked, among others, the following question: "You and she never had any agreement that you were to have this stuff? A. It was stuff that I was to have. I was to have everything outside of the house but what was mentioned. What she was to have outside of the house was mentioned. She was to have the land—that real estate the barn was on and the house. Q. There was no special agreement that you were to have the track and stuff in the barn? A. Agreed that I was to have everything but what was mentioned; that stock and cattle and horses. I was to have everything else. We talked about this, and I told her I wanted to trade this to her for the use of the barn." The defendant further testified that a written contract was made between him and the plaintiff on October 3, 1923. He stated that there was a verbal contract made at the same time. They talked about it. Defendant stated to the plaintiff, "I will give you the whole hay outfit if you will let me use half of the barn." Plaintiff replied, "No, I won't— the rope is worn out anyway. I don't want you to have anything more to do with it." The rest of the contract was reduced to writing. Everything outside of the house that was mentioned she was to have, and everything not mentioned in the contract was to be defendant's. This alleged written contract is not in evidence. The only written contract in the record is the deed above referred to, executed November 20, 1923. This deed, as above stated, conveys the land on which the barn is situated, and contains the following recital: "This deed is made as a division of real estate in settle-

ment of property rights between David and Bessie Feldman, in a suit in the chancery court for the Eastern District of Clay County, Arkansas." The lands are described, and the *habendum* clause recites, "To have and to hold the same unto the said Bessie Feldman and her heirs and assigns forever, with all appurtenances thereunto belonging."

The trial court instructed the jury, in effect, that the property in controversy was a fixture and therefore a part of the real estate, and directed the jury to find the value of the property and to return their verdict in favor of the plaintiff for such value. The defendant duly excepted to the ruling of the court in giving this instruction. The jury returned a verdict in favor of the plaintiff for the possession of the property, except the rope, and fixed the value thereof at the sum of $25. Judgment was entered in favor of the plaintiff, from which is this appeal.

1. The court did not err in refusing to quash the affidavit or complaint, and did not err in refusing to dismiss the cause of action. Where there is a statement of the facts constituting the cause of action, whether the complaint be designated as an affidavit or complaint, it is sufficient to give the court jurisdiction. *Climer* v. *Aylor,* 123 Ark. 510. The affidavit or complaint filed before the justice court has been duly brought into this record by certiorari, and is set forth above. The instrument set out above designated affidavit or complaint contains a sufficient description of the goods in controversy and their value, and alleged that the plaintiff was entitled to possession thereof, and that the defendant was in unlawful possession and unlawfully detained the same, and the plaintiff prayed judgment for the recovery thereof. This complaint was sufficient to give the court jurisdiction of the subject-matter to determine rights of property between the parties, under § 8640, C. & M. Digest. See *Schattler* v. *Heisman,* 85 Ark. 73, and cases there cited.

2. There was no error in the ruling of the court in directing the jury to ascertain the value of the property from the testimony and to return a verdict in favor of the appellee for the possession of the property, or its value. The court was justified in finding from the undisputed testimony that the property in controversy was a fixture. The undisputed testimony shows that the barn was built with a view of having the hay-unloading equipment made a part thereof; that this equipment was attached to the barn by bolts, and was a part of the permanent structure. The court therefore ruled correctly in holding that it was a fixture and passed to the appellee by the deed to the land.

3. When the appellant detached and removed the property in controversy, it was thereafter personal property in his possession, and appellee's suit to recover the same was within the jurisdiction of the justice court.

The record presents no error in the rulings of the trial court, and its judgment is therefore affirmed.