SHEWMAKE v. SHIFFLETT.

4-7053                               171 S. W. 2d 309

Opinion delivered May 17, 1943.

876

*Walls & Walls,* for appellant.

*J. B. Reed,* for appellee.

SMITH, J. Appellee brought this, a suit in replevin, to recover from appellant, who is his sister, a diamond ring, and from a judgment in his favor is this appeal.

A reversal of the judgment is asked upon several grounds and, among others, that appellee had not complied with the provisions of § 11373, Pope's Digest, which section prescribes the requisites of the affidavit required to obtain an order of delivery of the property sought to be recovered upon the institution of the suit. It has been held, however, that the office of the affidavit is to procure the order of delivery (*Hawes* v. *Robinson,* 44 Ark. 308) and, further, that the failure to issue the order of delivery does not affect the nature of the suit. *Eaton* v. *Langley,* 65 Ark. 448, 47 S. W. 123, 42 A. L. R. 474. Here, the immediate delivery of the property was not asked and it is, therefore, immaterial that appellee did not make the affidavit nor give the bond which the law requires to obtain an order of delivery.

It appears that appellee became engaged to marry and his sister, appellant, assisted him in selecting a dia-

mond ring for his fiancee, which he purchased and for which he paid $1,000 cash. This was in 1919. He gave the ring to his fiancee who wore it for several years, but returned the ring to appellee, when the engagement to marry was broken.

The testimony is in sharpest conflict as to the circumstances under which, and the purpose for which, appellee delivered possession of the ring to his sister. The testimony on appellant's behalf was to the effect that appellee presented the ring to his sister at a Christmas dinner in 1922 or 1923 as an unconditional gift, and that she had kept and worn the ring for more than 20 years. The testimony on appellee's behalf was to the effect that, after carrying the ring on his person, in a secret pocket, for several weeks, he became apprehensive that he might lose it and that he gave it to his sister for safe-keeping, with permission to wear it, but upon the understanding that it would be returned to him upon demand.

It would serve no useful purpose to recite the testimony corroborating and contradicting the testimony of the respective parties, and it will suffice to say that the testimony is legally sufficient to support either contention, and it cannot be reconciled.

A number of instructions were given at the request of the respective parties and, on the court's own motion, the purport of all of them being to submit to the jury the question of fact whether there had been an outright gift of the ring.

The court refused to give an instruction, numbered 4, requested by appellant, which reads as follows: "The jury is further instructed that if you find from the evidence in this case that the defendant, Biddye Shewmake, has been in possession of the diamond ring in controversy for more than three years, claiming ownership thereof, that the plaintiff's cause of action is barred by the statute of limitations and that plaintiff is not entitled to recover possession of same and your verdict will be for the defendant."

Error is assigned in the refusal to give this instruction for the reason that the complaint did not allege that the cause of action had accrued within three years of the date of filing the complaint, as provided and required by § 11373, Pope's Digest, and for the further reason that appellee's own testimony showed a demand for the return of the ring five or six years before the suit was filed.

Considering these reasons, in the order stated, it may again be said that appellee did not ask the immediate delivery of the ring and it was, therefore, unnecessary that he should comply with the provisions of § 11373, Pope's Digest. In the case of *Feldman* v. *Feldman,* 171 Ark. 1097, 287 S. W. 384, Justice Wood said: "The instrument set out above designated affidavit or complaint contains a sufficient description of the goods in controversy and their value, and alleged that the plaintiff was entitled to possession thereof, and that the defendant was in unlawful possession and unlawfully detained the same, and the plaintiff prayed judgment for the recovery thereof. This complaint was sufficient to give the court jurisdiction of the subject-matter to determine rights of property between the parties, under § 8640, C. & M. Digest. See *Schattler* v. *Heisman,* 85 Ark. 73, 107 S. W. 196, and cases there cited."

The complaint in the instant case met these requirements although it did not allege that the cause of action had accrued within three years of the filing of the complaint. It was, of course, essential that appellee show that his cause of action accrued within three years prior to filing his complaint, but this fact was shown when it was established that appellant had only a permissive possession of the ring during all these years, and the character and nature of her possession, and not its duration, was the controlling question of fact which was submitted to and has been concluded by the verdict of the jury.

Answering the second reason it may be said that appellee did not testify that possession of the ring had

been demanded and refused five or six years before the suit was filed. Appellant's testimony was that there was no demand for possession until about sixty days before the suit was filed. One of the few material questions upon which the parties agreed was that the demand was made within much less than three years of the date of the filing of the suit.

However that may be, the instruction did not submit to the jury the question whether a demand of possession had been made and, if so, when. It required only that the jury find that appellant had claimed ownership of the ring for three years or more before the institution of the suit and did not require the finding that appellee was advised of this claim of ownership by appellant.

The case of *Whitehead* v. *Gormley,* 116 Okla. 287, 245 Pac. 562, has in 47 A. L. R. 178 an extensive annotation of the question, "When limitation commences to run against action to recover, or damages for detention of, property deposited without definite date for its return."

The Annotator states the general rule as follows: "Where there is a bailment of money, securities, or chattels, and no time is fixed for the return of the thing bailed, the bailee is not ordinarily considered as in default until demand for the return thereof has been made on him, and accordingly the Statute of Limitations does not begin to run against the bailor's action to recover the property, or for loss or conversion, until that time."

Among the many cases cited by the annotator in support of this statement of the law is our own case of *Lee County Nat. Bank* v. *Hughes,* 165 Ark. 493, 265 S. W. 50, in which case a headnote reads as follows: "Limitation of Actions—Recovery of Bailment.—In bailments an action for the property does not accrue, nor the statute of limitations begin to run, until demand is made therefor and delivery is refused."

Further along in his note the annotator qualifies this general statement by citing cases which held that where there had been a loan of chattels for an indefinite period the statute of limitations does not run against the

lendor, until a repudiation of his title is brought home to him.

What we conceive to be the correct rule upon this subject is stated at § 343 of the Chapter on Bailments, 6 Am. Jur. page 426, as follows: "The general rule appears to be that a bailment is not so far terminated as to start the running of the statute of limitations in favor of the bailee, so that he may claim title by adverse possession, until he sets up and asserts some claim adverse to the bailee amounting to a disclaimer of the bailor's title and upon which his possession may be based. It has already appeared that the mere retention of possession of property by a bailee, however long continued, will not in itself work a change of ownership, but that a bailee's possession, to accomplish this, must have been open and notoriously hostile, upon a claim of right adverse to the bailor's title, of which the bailor should be charged with notice."

It will be observed, as has been said, that the instruction above quoted does not submit the question whether there had been a demand of possession, nor did it submit to the jury the question whether this possession had been so hostile to the title of the owner as to apprise the owner that appellant was claiming title hostile to his own. The instruction required only that the jury find that "appellant has been in possession of the diamond ring in controversy for more than 3 years, claiming ownership thereof" to bar the action. This would not be the law unless there had been a demand and refusal of possession more than three years before the institution of this suit, or unless for that period of time there was proof of such facts and circumstances as would apprise the owner that the property was being held in hostility to his claim of ownership.

The instruction was, therefore, properly refused and as the appeal presents a question of fact which has been decided adversely to appellant's contention, upon testimony legally sufficient to support that finding, the judgment must be affirmed, and it is so ordered.