Glen WASDEN, Plaintiff and Appellant,

v.

Myrtle N. COLTHARP, Executrix of the
Estate of Edward H. Coltharp, deceased,
Defendant and Respondent.

No. 17122.

Supreme Court of Utah.

May 12, 1981.

Henry S. Nygaard, Salt Lake City, for
plaintiff and appellant.

George H. Speciale, Salt Lake City, for
defendant and respondent.

PER CURIAM:

This is an appeal from a judgment dis-
missing the plaintiff's complaint on the
ground that it was barred by the time limi-
tations imposed by U.C.A., 1953, Sec. 78–
12–26(2), as amended.

In approximately 1958, the plaintiff al-
lowed the deceased, Edward H. Coltharp, to
hang two oil paintings on his office walls
located in the Newhouse Building in Salt

Lake City. In 1967, Coltharp moved his office to the Salt Lake Mining and Exchange Building. At that time, the plaintiff removed one of the paintings because he had another place to exhibit it. However, he allowed Coltharp to retain the other painting, which was placed on the wall in Coltharp's new office for exhibition. There was no written agreement or memorandum entered into by the parties, but plaintiff asserts that there was an oral understanding between the men that plaintiff could take his painting at any time he desired. During the years, the men had a business relationship which apparently was friendly. Finally in 1974, the plaintiff came to Coltharp's office but learned he was out of town. He made demand upon the employees in the office for the return of the painting but they refused. Their business relationship continued and nothing eventful happened concerning the picture until November 16, 1977, when plaintiff's attorney wrote Mr. Coltharp making demand for return of the painting. He again refused, claiming that the plaintiff was indebted to him. Thereafter, Coltharp died and a renewed demand was made upon the personal representative of his estate, which she denied. This suit was commenced on February 6, 1979, seeking return of the painting.

The district court found that the plaintiff had made demand for the return of the painting in April, 1974, and that this act commenced the running of the three-year statute of limitations contained in Sec. 78–12–26(2), providing that "[a]n action for taking, detaining or injuring personal property" must be commenced within three years. Since more than that time had elapsed, the court dismissed the plaintiff's complaint, allowing the defendant to retain the painting.

Plaintiff appeals, contending that the trial court was in error in holding that the statute of limitations barred his action.

▮ Plaintiff contends that the relationship between the men was one of either a bailment or agency. Since there was no written agreement between them and the defendant had died before the commencement of the action, the evidence at the trial was extremely limited as to what the agreement was between the parties and therefore what their legal relationship was to each other. Assuming, however, that a bailment existed, the law is clear that where there is a bailment of chattels and no time is fixed for the return of the bailed articles, the bailee is not ordinarily considered as in default until demand for the return thereof has been made upon him, and the statute of limitations does not begin to run against the bailor's action to recover the property or for loss or conversion until demand has been made. See the annotations on this subject at 47 A.L.R. 178 and 57 A.L.R.2d 1044.

This rule was relied upon in a similar factual case, *Shewmake v. Shifflett*, 205 Ark. 875, 171 S.W.2d 309 (1943). There, the plaintiff had purchased a diamond ring for his fiancee, who wore it for several years but returned it to the plaintiff when the engagement to marry was broken. The plaintiff then gave it to his sister for safe keeping with permission to wear it but upon the understanding that it would be returned to him upon demand. She wore the ring for more than 20 years when her brother made demand for its return. She refused on the ground that it had been given to her as an unconditional gift. The jury found the facts in favor of the plaintiff and the court held that the statute of limitations had not run because it was undisputed that no demand had been made for the return of the ring until about 60 days before suit was filed. The case of *Schwartz' Estate v. Silvey*, 101 Colo. 336, 73 P.2d 994 (1937), cited by the plaintiff in his brief is to the same effect.

▮ The trial court having found as a fact in its memorandum decision that demand was made by the plaintiff upon the defendant for the return of the painting in April, 1974, the statute of limitations then began to run and the action filed by the plaintiff was untimely.

▮ The plaintiff also urges that if the relationship between the parties is viewed

as a principal and agent, no statute of limitations would be involved.[1] We disagree. While there is a diversity of opinion as to when the statute of limitations commences to run against an action by a principal to recover money or property received by an agent, the rule most favorable to the plaintiff in this case would be the rule that the time commences to run when a demand is made by the principal upon the agent for the return of the property, 3 Am.Jur.2d, Sec. 332 on Agency, Annotation at 141 A.L.R. 361. If we further assume that in such case our four-year statute of limitations on an action upon a "contract obligation for liability not founded upon an instrument in writing" would apply (Sec. 78–12–25), more than four years elapsed from the time of the demand in April, 1974, to the commencement of this action in February, 1979.

The same result follows if we view the relationship between the two men as a trust. The plaintiff's action would again be barred under U.C.A., 1953, Sec. 78–12–25. Where the trustee denies the obligation of his trust and the beneficiary has notice of his repudiation, the statute begins to run. *Wood v. Fox*, 8 Utah 380, 32 P. 48 (1893); *Felkner v. Dooly*, 28 Utah 236, 78 P. 365 (1904); *Child v. Child*, 8 Utah 2d 261, 332 P.2d 981 (1958).

The judgment below is affirmed. Costs are awarded to defendant.

STEWART, J., concurs in the result.

---

1. See *Utah Poultry & Farmers Cooperative v. Utah Ice & Storage Co.*, 187 F.2d 652, 23 A.L.R.2d 1461 (10th Cir. 1951), where the United States Court of Appeals held that our three-year statute was applicable to all actions for injuries to personal property whether relief was sought on a tort or breach of contract theory.